UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED SERVICE AND ALLIED WORKERS
OF RHODE ISLAND,

    Plaintiff,

    v.                                               C.A. 1:24-cv-00383-JJM-PAS

BROWN UNIVERSITY,

    Defendant.

## UNITED SERVICE AND ALLIED WORKERS OF RHODE ISLAND'S RULE 16 STATEMENT

Pursuant to Local Rule 16(b) and in connection with the Order of this Court dated January 22, 2025, Plaintiff United Service and Allied Workers of Rhode Island ("USAW" or "Union") sets forth the following Rule 16 Statement.

USAW and Brown University ("Brown") are parties to a collective bargaining agreement ("CBA") governing terms and conditions of employment for certain full-time and regular part-time building service employees of Brown University, including burner technicians, for the period October 13, 2021 to October 12, 2024. On September 10, 2021, Brown terminated the employment of Brian Amadon, a burner technician covered under the CBA. USAW filed a grievance, alleging that the termination was without just cause and, as a result, violated the CBA. Brown denied USAW's grievance and the matter proceeded to arbitration before John Hanson on May 7, 2024. Both USAW and Brown were represented by counsel. The hearing was transcribed. At hearing, the parties stipulated to an arbitration issue: "Was the Grievant terminated without just cause. If so, what shall be the remedy?" By award dated August 9, 2024 ("Award"), Arbitrator Hanson determined that Brown "did not have just cause to terminate the Grievant's employment for the

1

events of July 14, 2021." The Arbitrator ordered: Grievant "is to be reinstated and made whole in all ways."

Brown has refused to reinstate Mr. Amadon. USAW filed the instant Petition to Confirm and Enforce the Award under Section 301 of the Labor Management Relations Act ("LRMA"), 29 U.S.C. §185.[1] Following the filing of the instant Petition, Brown filed a Counterclaim seeking to vacate the arbitration decision. According to the Counterclaim, the Arbitrator manifestly disregarded the law by failing "to consider Brown's legal argument applicable to the dispute, and failing to conduct any legal analysis with respect to the resolution of the dispute." The Counterclaim also asserts, "the Decision was devoid of any analysis of the facts as applied to cited law." See ¶ 20.

Even a cursory review of the Decision shows that the Arbitrator considered Brown's arguments but rejected them. As the Arbitrator succinctly noted:

> Regardless of what definition is used to describe just cause, they all start with existence of sufficient proof that the employee engaged in the conduct for which he or she was disciplined. In this case, that is, did the Employer prove the Grievant was responsible for the hit and run accident that occurred on July 14, 2021?

The Arbitrator concluded that Brown failed to prove by a preponderance of the evidence that Grievant was driving and was responsible for the accident of July 14, 2021. Without that, no other argument mattered.

---

[1] Because this dispute involves the assertion of rights under a collective bargaining agreement, this Court's analysis is governed by section 301 of the LMRA, 29 U.S.C. §185. *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001).

In seeking to vacate the arbitrator's award, Brown effectively invites this Court to second guess the arbitrator's factual findings. However, this Court's review of an arbitration award under the LMRA is "very limited." *Garvey*, 532 U.S. at 509. It is "therefore not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement, but [may] inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement. Because it is the arbitrator's view of the facts and the meaning of the contract for which the parties bargained, courts are not permitted to substitute their own." *NFL Mgmt. Council v. NFL Players Ass'n,* 820 F.3d 527, 536 (2d Cir. 2016), citing *United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 37-38 (1987). It is the arbitrator's construction of the contract and assessment of the facts that are dispositive, "however good, bad, or ugly." *Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2071, 186 L. Ed. 2d 113 (2013).

Respectfully submitted,

USAW,

By its Attorney,

/s/ Elizabeth Wiens
Gursky Wiens & Shanley,
Attorneys at Law, Ltd.
20 Centerville Road, Warwick RI
Tel.401.294.4700
Fax 401.294.4702
ewiens@rilaborlaw.com

**CERTIFICATION OF SERVICE**

I hereby certify that, on January 23, 2025, I caused the foregoing to be served on counsel of record via this Court's Electronic Case Filing System.

/s/ Janine Durand

3