UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED SERVICE AND ALLIED WORKERS OF RHODE ISLAND, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| vs. | :     1:24-cv-00383-JJM-PAS <br> : |
| BROWN UNIVERSITY, | : <br> : |
| Defendant. | : |

## BROWN UNIVERSITY'S RULE 16B STATEMENT

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and this Court's January 22, 2025 Order, Brown University ("Brown") respectfully submits the below statement concerning the facts and legal issues underlying its Counterclaim.

Brown University filed its Counterclaim against United Service and Allied Workers of Rhode Island's ("USAW") on October 21, 2024, wherein it asked this Court to vacate Arbitrator John Hanson's decision issued on August 9, 2024 in USAW's favor ("Decision"). The dispute underlying the Decision concerns Brown's termination of USAW member and former Brown employee, Brian Amadon.

On Wednesday, July 14, 2021, Providence Police responded to an emergency call at 63 Arlington Avenue where a pedestrian had sustained serious injuries from a collision with a motorcycle travelling southbound at a high rate of speed. The motorcyclist failed to stop after colliding with the pedestrian and, thus, satisfied the requisite elements of a felony under Rhode Island General Laws § 31-26-1 for criminal hit-and-run. Providence Police issued a warrant for Mr. Amadon's arrest on July 16, 2021, because it had probable cause that Mr. Amadon was the motorcyclist involved in the hit-and-run that occurred two days earlier.

Brown conducted a thorough investigation into the incident surrounding Mr. Amadon. Mr. Amadon declined to speak to Brown despite Brown's multiple requests and he asserted a Fifth Amendment privilege against self-incrimination—but he had no such privilege because Brown (his private employer) is not the government. After Brown concluded its investigation and due in part to Mr. Amadon's willful failure to participate in the same, Brown terminated Mr. Amadon's employment on September 10, 2021. Further justification for the termination was Brown's review of the abundance of evidence available to Brown at the time—including Brown security-video footage, eye-witness statements, and the identical nature of the motorcyclist's unique helmet with Mr. Amadon's motorcycle helmet—which revealed that it was more likely than not that Mr. Amadon was the motorcyclist involved in the hit-and-run. Thus, Brown believed it had "just cause" to terminate Mr. Amadon's employment.

USAW grieved Brown's decision to terminate Mr. Amadon pursuant to the procedures of the CBA, and an arbitration hearing was held on May 7, 2024. On June 21, 2024, Brown submitted a post-arbitration brief that raised several legal (and factual) arguments that were incorporated by reference in its Counterclaim. Importantly, and by way of example, Brown raised legal arguments concerning an inference and standard of review that the arbitrator should have been required to employ considering the circumstances of the dispute.

On August 9, 2024, Arbitrator Hanson issued his Decision, wherein he failed to address or consider any of the legal arguments made by Brown with respect to its decision to terminate Mr. Amadon. The arbitrator completely ignored Brown's legal arguments despite being made aware of them through Brown's post-arbitration brief. Instead, the Arbitrator appeared to rely

exclusively on comments made by the Providence Superior Court in its decision on Amadon's felony charge.[1]

Contrary to USAW's suggestion, the legal issue pertinent to Brown's Counterclaim is whether the Arbitrator exceeded his powers, exhibited a manifest disregard for the law, and violated 9 U.S.C. 10 by issuing a decision and award that failed to consider, address, or acknowledge Brown's legal arguments applicable to the dispute, and failing to conduct any legal analysis with respect to the resolution of the dispute. *See Advest, Inc. v. McCarthy*, 914 F.2d 6, 10 (1st Cir. 1990) (explaining that an arbitrator exhibits a manifest disregard for the law when he or she "appreciated the existence of a governing legal rule but willfully decided not to apply it").

        Respectfully submitted,

        BROWN UNIVERSITY

        By its attorneys,

        /s/ *Kevin W. Stone, Jr.*
        Joseph D. Whelan (#5694)
        Kevin W. Stone, Jr. (#10843)
        WHELAN CORRENTE & FLANDERS LLP
        100 Westminster Street, Suite 710
        Providence, RI 02903
        Phone: (401) 270-4500
        Fax: (401) 270-3760
        jwhelan@whelancorrente.com
        kstone@whelancorrente.com

Dated: January 23, 2025

---

[1] The Attorney General's office faced an uphill battle in prosecuting Amadon's case because it inexplicably lost custody of Mr. Amadon's motorcycle—which matched the description of Brown's testifying eye-witness at Arbitration. As a result, the Superior Court held an inference adverse to the Attorney General's case because of the failure to preserve the evidence.

**CERTIFICATION OF SERVICE**

      I hereby certify that, on January 23, 2025, I caused the foregoing document to be served on counsel of record via this Court's CM/ECF system.

                                                             /s/ *Kevin W. Stone, Jr.*