UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED SERVICE ALLIED WORKERS OF RHODE ISLAND,<br>    Plaintiff,<br><br>v.<br><br>BROWN UNIVERSITY,<br>    Defendant. | C.A. No. 24-cv-383-JJM-PAS |

ORDER

The United Service Allied Workers of Rhode Island ("Union") seeks to confirm an Arbitrator's Award reinstating a fired Brown University employee ("Employee") who was alleged to have driven his motorcycle out of a Brown parking lot, hitting a pedestrian around the corner, and leaving the scene of the accident. Brown seeks to overturn the Arbitrator's Award. Both parties have filed competing Motions for Summary Judgment. ECF Nos. 15, 17.

Both parties agree that this Court's review of an arbitrator's award is extremely limited—only when the arbitrator has "exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). "Judicial review of an arbitration award is among the narrowest known in the law." *Main Cent. R.R. Co. v. Brotherhood of Maint. of Way Employees*, 873 F.2d 425, 428 (1st Cir. 1989) (citing *United Steelworkers v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 596 (1960); *Local 1445, United Food and Com. Workers v. Stop & Shop Companies*, 776 F.2d 19, 21 (1st

Cir.1985); *Bettencourt v. Boston Edison Co.*, 560 F.2d 1045, 1048–49 (1st Cir.1977); *United Paperworkers v. Misco*, 484 U.S. 29 (1987)). Any review is "extremely narrow and extraordinarily deferential." *Service Employees Int'l Union, AFL-CIO, CLC v. Loc. 1199, N.E., SEIU, AFL-CIO, CLC*, 70 F.3d 647, 651 (1st Cir. 1995). "[D]isputes that are committed by contract to the arbitral process almost always are won or lost before the arbitrator. Successful court challenges are few and far between." *Keebler Co. v. Truck Drivers, Loc. 170*, 247 F.3d 8, 10 (1st Cir. 2001) (citing *Teamsters Loc. Union No. 42 v. Supervalu, Inc.*, 212 F.3d 59, 61 (1st Cir. 2000)). Courts "shall uphold an arbitrator's interpretation of a contract as long as we can find some 'plausible argument that favors his interpretation.'" *Crafts Precision Ind. Inc. v. Lodge No. 1836 of Dist. 38, Int'l Ass'n of Machinists and Aerospace Workers*, 889 F.2d 1184, 1185 (1st Cir. 1989) (citing *Berklee Coll. of Music v. Massachusetts Federation of Teachers Loc. 4412*, 858 F.2d 31 (1st Cir.1988), *cert. denied*, 493 U.S. 810 (1989)).

The Arbitrator correctly stated the issue before him: "[D]id the Employer [Brown] prove the [Employee] was responsible for the hit and run accident that occurred on July 14, 2021." ECF No. 1-1 at 6. If Brown did not prove that the Employee was the driver of the motorcycle that hit the pedestrian and fled, then there was no just cause of the firing.

The Arbitrator heard the live testimony of the one witness presented by Brown. He also looked at this case, "not only through the testimony and evidence presented at the arbitration hearing, but through a Superior Court judgment that dismissed charges against the [Employee]"—the transcript was introduced as a joint exhibit. *Id.*

A Rhode Island Superior Court Justice dismissed the criminal charges brought against the Employee after a bench trial in which he heard all the evidence.[1]

The Arbitrator discredited Brown's witness because of inconsistencies in his testimony. ECF No. 1-1 at 7. He concluded that the weight of the evidence presented by Brown did not support Brown's argument that the Employee was the driver of the motorcycle involved in the accident.[2]

Brown argues that the Arbitrator exceeded his authority by ignoring uncontroverted eyewitness testimony. But the Arbitrator heard the testimony of the eyewitness whom he was able to personally observe, and had the benefit of the criminal trial transcript, including testimony of two other witnesses who contradicted the eyewitness. Brown posits that the "Arbitrator completely failed to acknowledge undisputed facts and the law . . ." ECF No. 15 at 22. Brown asserts that the Arbitrator's Decision "centered exclusively around the Superior Court's assessment of evidence and testimony . . . [in the] criminal prosecution." *Id.* But that is not the case. The Arbitrator acknowledged that the standard was "preponderance of the evidence" in the arbitration, and relied on the jointly submitted transcript of the

---

[1] Although the standard is different–the fact that the state court judge also found the main witnesses to be not credible is a factor to consider in determining whether the arbitrator had "some plausible argument that favors his interpretation." *See Crafts Precision*, 889 F.2d at 1185.

[2] "Identifying a motorcycle driver by the type of helmet he wore without other credible evidence does not by a 'preponderance of evidence' prove that the [Employee] was driving and was responsible for the accident . . . ." ECF No. 1-1 at 7.

criminal proceeding, not for any findings or conclusions, but for facts that were contained in it.[3] *See generally*, ECF No. 1-1 at 6-7.

The Arbitrator was well within his authority to conclude that the testimony did not establish that the Employee was the driver of the motorcycle that struck a pedestrian. Brown's assertion that the Arbitrator refused to consider evidence is incorrect. The Arbitrator referenced the witnesses' testimony.[4] It was well within the powers of the Arbitrator to weigh the evidence in the record—the live testimony, the criminal trial transcript, and the parties' briefing—and conclude that Brown did not meet its burden of showing that the Employee was the motorcycle driver.[5]

Brown also asserts that the Arbitrator manifestly disregarded the law by failing to acknowledge or consider Brown's legal arguments. ECF No. 15 at 21-24. Brown points to the Arbitrator's failure to draw a negative inference from the Employee's failure to cooperate with the investigation. But as the Union points out, the Arbitrator is permitted to draw such an inference, not required to. It is also unclear whether the Arbitrator applied an inference or not—arbitrators are not

---

[3] Brown incorrectly states that "the Arbitrator relied exclusively on the criminal trial transcript and merely adopted the outcome from that case." ECF No. 15 at 24. Nothing in the record supports Brown's assertion that the Arbitrator merely adopted the outcome from the criminal case. In fact, the Arbitrator sets forth the factual basis for his conclusion that Brown did not prove by a preponderance of the evidence that the Employee was involved in the hit and run,

[4] "[I]n his initial report to the police [he] made no mention of a Jack Daniels sticker. It was only after [the witness'] initial report, after he had see[n] photos of the motorcycle with the Jack Daniels sticker, did he mention it in his testimony." ECF No. 1-1 at 7.

[5] It is irrelevant if the Court, or others, would weigh the evidence differently. That is not our role in reviewing an arbitrator's findings.

obligated to provide detailed reasoning or even address every contention raised by the parties. There is no reason to presume that the Arbitrator "abused the trust the parties confided in him," and failed to follow the law. *United Steelworkers of America v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 598 (1960).

Finally, the Union requests attorneys' fees. "Under federal common law, a court may award fees and costs to the winning party in a section 301 action if the losing party's position was 'frivolous, unreasonable, or without foundation.'" *Local 2322, Int'l Bhd. of Elec. Workers v. Verizon New England, Inc.*, 464 F.3d 93, 100 (1st Cir. 2006) (quoting *Local 285, Serv. Empls. Int'l Union AFL-CIO v. Nonotuck Res. Assoc., Inc.*, 64 F.3d 735, 737 (1st Cir. 1995)). The Court will not exercise its discretion to award attorneys' fees because it does not find that Brown's position was frivolous, unreasonable, or without foundation. It appears to the Court that Brown had a good faith objection to the Arbitrator's findings and award and appropriately presented the dispute to the Court for resolution.

In conclusion, there is nothing in the Arbitrator's Decision to show that he abused his discretion in how he treated the evidence, inferences, or the law. The Court must defer to the Arbitrators reasoned decision and conclusion.

The Court GRANTS the Plaintiffs' Motion for Summary Judgment (ECF No. 17), DENIES the Defendant's Motion for Summary Judgment (ECF No. 15), and declines to award attorney fees or costs.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

May 15, 2025