UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED SERVICE AND ALLIED WORKERS OF RHODE ISLAND,<br>　　Plaintiff,<br><br>　　v.<br><br>BROWN UNIVERSITY,<br>　　Defendant. | )<br>)<br>)<br>)<br>)　C.A. No. 24-cv-383-JJM-PAS<br>)<br>)<br>)<br>)<br>) |

### ORDER

United Service and Allied Workers of Rhode Island ("USAW") again moves to adjudge Brown University in contempt for its failure to pay its employee, Brian Amadon, his full back pay. ECF No. 28. A review of the facts that give rise to USAW's motion frames the dispute.

1. Brown placed Mr. Amadon on paid administrative leave on July 16, 2021, and terminated him on September 10, 2021.

2. On August 9, 2024, the dispute came before an Arbitrator with the American Arbitration Association who found: "*The Employer did not have just cause to terminate [Mr. Amadon's] employment for the events of July 14, 2021. He is to be reinstated and made whole in all ways. This arbitrator will retain jurisdiction to assist in fashioning a remedy.*" ("Award 1").

3. A month later, USAW filed a Petition with this Court to confirm and enforce Award 1, which the Court granted on May 15, 2025. ECF No. 21.

4. Two weeks later, on May 30, 2025, the Arbitrator issued a second award ("Award 2"). He reaffirmed his decision in Award 1 that Brown must reinstate Mr. Amadon. ECF No. 25-2 at 3 ("This Arbitrator determines that consistent with the original award, the Grievant should be reinstated and sees no reason to change that decision."). But because the parties had "been unable to come to an agreement regarding the make whole portion of the remedy," they "requested that the Arbitrator assist the parties and determine what the remedy should be," and so he issued Award 2. *Id.* In that Award, he stated that Mr. Amadon must "be made whole for all time and wages lost for a period of nine (9) months from his termination." *Id.*

Brown has not paid Mr. Amadon his back wages from August 11, 2024, to May 30, 2025, which Mr. Amado calculates to be $61,240.80.[1] The dispute currently before the Court is whether Brown owes Mr. Amadon back wages from the date of Award 1 (August 11, 2024) to the date of his actual reinstatement, or the date of Award 2 (May 30, 2025) to the date of his actual reinstatement. After reviewing the relevant chronological history of the grievance that initiated this dispute, the Court has determined that the simple answer[2] to the question of how to make Mr. Amadon whole is that the Arbitrator undisputably and emphatically ordered him reinstated

---

[1] Brown does not appear to challenge this calculation.
[2] Simple, because this Court's review is very limited with regard to enforcing a Arbitrator's Award, and because only Award 1 is before the Court for confirmation and enforcement.

2

on August 11, 2024, the date of Award 1.  Therefore, that is the correct date from which back wages and benefits must be paid.

Moving on to USAW's motion for contempt, the Court finds that, regardless of how USAW captions it, Brown has not acted in a contemptuous manner here.  This motion frames a legitimate dispute about the interpretation of and interaction between two competing arbitration awards.  Brown's reliance on the Award 2 date as the reinstatement date for purposes of calculating back pay was a reasonable position factually and legally.  This Court struggled with the issue itself – it just ultimately ruled otherwise.  Therefore, USAW's request for contempt, fines, and attorney's fees is DENIED.

The Court GRANTS IN PART AND DENIES IN PART USAW's Motion to Enforce Contempt Order and for Additional Sanctions.  ECF No. 28.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

December 2, 2025